In the United States District Court
(Baltimore, Maryland)

James Edward Key,
     Petitioner,

-vs-

United States of America,
     Defendant.

Civil action: #ELH-12-3472

(Related crim. case #ELH-94-34)

FILED ___ ENTERED
LOGGED ___ RECEIVED

DEC 17 2012

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

Interlocutory cross motion to [quash/stop] the adjudication of the District Court order issued for #ELH-12-3472. Directing the prosecutor office to issue a "limited" response to a §2255 motion filed. As it is illegal and not statutory law, as wrote by Congress, and in direct violation of a fourth circuit court of appeal order

The district court judge [Ellen Lipton Hollander] issued a order. That the prosecutor answer a 2255 filed. But "limit" it's answer to only the issues of; 1) Is this a successive 2255 or not?
                   2) And is the motion timely?
See; Exhibit "A" attached. Which is the district court order. The above order is illegal and a direct violation of statutory law, as wrote by congress, and is attempting to overrule the fourth circuit court of appeals order. See exhibit "B" - attached. While is the C.A. (4th cir.) order. It states the 2255 motion is "not" successive and the issues presented must be adjudicated by the [prosecutor/U.S. Government].

The district court order must legally be vacated, by due process of law, as it is illegal, as shown below.

See exhibit "C" attached. Which is title 28 U.S.C. 2244. [Finality of determination] at (3)(A). The court of appeals must determine [if] a 2255 is successive or not to overcome the one year time bar of the

1

[ATEDPA] of 1996. The district court cannot [second guess] or defy the 4th circuit statutory power given to it by Congress.

The only thing that 2244 authorize the district court to do is at 28:2244 (4). ......A district shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed, unless the applicant shows that the claim satisfies the requirements of this section.

This would not apply, as the appeal court ruled. My filed 2255 is "not successive. Due to my, jurisdictional defective, issues shown.

The district court cannot "second guess" or "change" or "overrule" the court of appeals. It is quite clear. What the C.A. order state, and that is..... "By the power invested to the court of appeals through Congress statutory enactment in title 28:2244 for 2255. We hold this 2255 [issues/motions/questions] is "not" successive, and the issues presented must be fully adjudicated.

In 2244[3][A][B][C] and [E] it state;

A) Petitioner must move in C.A. for adjudication of issues in below court.

B) Three C.A. panel members must agree 2255 is "not" successive.

C) The petitioner must make a [prima facie] showing that the application satisfies the requirements of this subsection.

E) The grant or denial is "not" appealable.

(3)(E) overrule 2244(4). The district court cannot circumvent [no] appeal allowed for a granting to file a 2255 under 2244. By way of back door. In ordering the prosecutor to "re-visit" the successive and time bar issue. That the district court has [no] statutory power under 28:2244 to do.

This district court cannot ignore statutory law, or a legally valid court of appeals [order/command]. The court of appeals is a Superior Court. The district court must [yield].

The order of "limited review" to [revisit] the timelyness issue and successive or not. Is legal skulldruggery and illegal statutory, as wrote by Congress. If a 2255 is timely or successive is vested in the court of appeals, and not the district court. Legally the district court order is [null/void/invalid] and must be withdraw.

## Conclusion

The order of the district court must be dismissed. And a new order issued to the prosecutor office, to adjudicate the submitted "first" 2255 issues, as order by the fourth circuit court of appeals. After the prosecutor response, petitioner will send in his traverse brief. Then this court can rule, legally who is right or wrong? With both parties having the right to appeal.

Respectfully submitted,

James Key /(Pro-Se)

Dated: December 12th, 2012

3

## Exhibits

A. District court order [limited response] December 3, 2012.

B. Fourth circuit court of appeals order [granting successive] October 30, 2012.

C. Title 28 U.S.C. 2244 [finality of determination]